CHARLES O. SCHULZ AND NANCY R. SCHULZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schulz v. Commissioner
Docket No. 30356-81.
United States Tax Court
T.C. Memo 1983-350; 1983 Tax Ct. Memo LEXIS 435; 46 T.C.M. (CCH) 463; T.C.M. (RIA) 83350; June 15, 1983. Charles O. Schulz, pro se. Donald W. Hicks, Sr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. *436 Dinan, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below.
OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' [3] Federal income tax for 1978 in the amount of $374. Concessions having been made by petitioner, the only issue for decision is whether petitioner may deduct as educational expenses under section 162 amounts he paid for flight training to the extent that he received an educational assistance allowance covering the cost of his training from the Veterans Administration pursuant to 38 U.S.C. sec. 1677.
*437 Petitioners resided in Dallas, Texas, when they filed their petition in this case. During 1978, petitioner was a professional pilot. In order to maintain and improve his skills as a pilot, he enrolled in flight training courses offered by Airline Ground School, Ltd., Martin Aviation, Inc. and Fowler Aeronautical Service. Each of those organizations was an approved Veterans Administration course. The total cost to petitioner for his flight training courses was $13,103.55. After petitioner enrolled in the flight training courses, he applied to the Veterans Administration for a flight training educational assistance allowance under 38 U.S.C. sec. 1677 (Veterans Pension and Readjustment Act of 1967, Pub. L. No. 90-77, sec. 302, 81 Stat. 185). In 1978, he received from the Veterans Administration an educational assistance allowance of $11,793.20. That amount was computed at the rate of 90 percent of the established charges for tuition and fees incurred by petitioner in attending the flight training courses, as provided for in 38 U.S.C. sec. 1677. On his 1978 return petitioner deducted $13,274.52 as an employee business expense. *438 Included in that amount was the $11,793.20 which petitioner received from the Veterans Administration as an educational assistance allowance. Upon auditing petitioner's return respondent allowed him a deduction of 10 percent ($1,310.35) of the amount paid by him for his flight training, which was not reimbursed by the Veterans Administration. Respondent disallowed the amount claimed by petitioner which was reimbursed by the Veterans Administration as an educational assistance allowance. [4]
Petitioner argues that the entire amount of $13,103.55 which he paid for flight training in 1978 is deductible as an educational expense under section 162(a) and that this amount should not be reduced by the educational assistance allowance that he received from the Veterans Administration. In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir., Sept. 20, 1982), we addressed ourselves to the identical issue raised *439 by petitioner. In Manocchio, we held that section 265 disallowed the deduction of flight training expenses that are reimbursed by the Veterans Administration. As we informed petitioner at trial, his arguments are not substantially different from those considered by us in Manocchio. We deem our opinion in Manocchio to be dispositive of this case and find that petitioner is not entitled to deduct as an educational expense the amount spent by him for flight training in 1978 which was reimbursed by the Veterans Administration. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1978, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Nancy R. Schulz is a party to this action only because she filed a joint return with her husband for 1978. Hereinafter, when we refer to petitioner, we will be referring to Charles O. Schulz.↩
4. The parties have stipulated that petitioner received $11,793.20 from the Veterans Administration. In his statutory notice, respondent disallowed petitioner $11,771.70. The record in this case does not account for the discrepancy of $21.50.↩